UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re Arbitration Between

Wells Fargo Bank, N.A.,

      Claimant,

   and                                              Civil No. 08-5472 (JNE/FLN)
                                                                                                               ORDER

WMR e-PIN, LLC, e-Banc, LLC, and
Synoran, Inc.,

      Respondents.

Wells Fargo Bank, N.A., petitions the Court to correct an arbitration award and to confirm the award as corrected. Respondents seek to vacate or modify the arbitration award. Pursuant to 28 U.S.C. § 636(b)(1)(A)-(C) (2006), the Court refers Wells Fargo Bank's petition to correct the award and to confirm the award as corrected [Docket No. 1] and Respondents' motions to vacate or modify [Docket Nos. 5, 7 & 15] to the Honorable Franklin L. Noel, United States Magistrate Judge. Counsel are directed to contact Cathy Orlando, Magistrate Judge Noel's Judicial Assistant, to obtain a hearing date. The hearing before the undersigned on January 13, 2009, at 2:00 p.m. is stricken.

The Court's review of Wells Fargo Bank's petition reveals that Wells Fargo Bank's jurisdictional allegations are insufficient.[1] Wells Fargo Bank asserts that jurisdiction exists based on the Federal Arbitration Act and diversity of citizenship. The Federal Arbitration Act, however, does not confer subject matter jurisdiction on federal courts. *Advance Am. Servicing of Ark., Inc. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008) ("The Federal Arbitration Act does not create independent federal question jurisdiction."); *Carter v. Health Net of Cal., Inc.*, 374

---

[1] Respondents' motions do not include any jurisdictional allegations.

F.3d 830, 833 (9th Cir. 2004) ("It is well-established that even when a petition is brought under the Federal Arbitration Act . . . a petitioner seeking to confirm or vacate an arbitration award in federal court must establish an independent basis for federal jurisdiction."); *Specialty Healthcare Mgmt., Inc. v. St. Mary Parish Hosp.*, 220 F.3d 650, 653 n.5 (5th Cir. 2000) ("Since the [Federal Arbitration Act] does not create federal jurisdiction, confirmation under § 9 requires an independent basis for federal jurisdiction . . . ."). The Court turns to Wells Fargo Bank's assertion of diversity jurisdiction.

Under 28 U.S.C. § 1332 (2006), a federal district court has original jurisdiction of a civil action where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Wells Fargo Bank asserts that it is a national banking association headquartered in California; that WMR e-PIN, LLC, is an Ohio limited liability company with its principal place of business in Ohio; that e-Banc, LLC, is an Ohio limited liability company with its principal place of business in Ohio; that Synoran, Inc., is a Delaware corporation with its principal place of business in Ohio; and that the amount in controversy exceeds $75,000. Wells Fargo Bank properly alleges its citizenship, *see Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006), and that of Synoran, Inc., *see* 28 U.S.C. § 1332(c)(1), but does not properly allege the citizenship of the limited liability companies. For purposes of diversity jurisdiction, "an LLC's citizenship is that of its members." *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Having failed to allege the citizenship of the members of WMR e-PIN, LLC, and e-Banc, LLC, Wells Fargo Bank has not satisfied its burden to establish subject matter jurisdiction. *See Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). Unless Wells Fargo Bank establishes the citizenship of WMR e-PIN, LLC, and e-Banc, LLC, by 5:00 p.m. on Wednesday, December 3,

2008, the Court will dismiss this action for lack of subject matter jurisdiction. Wells Fargo Bank's submission regarding jurisdiction shall be made directly to the undersigned; it is the petition and motions to correct, confirm, vacate, or modify the arbitration award which are referred to Magistrate Judge Noel.[2]

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Wells Fargo Bank's petition to correct the award and to confirm the award as corrected [Docket No. 1] and Respondents' motions to vacate or modify [Docket Nos. 5, 7 & 15] are referred to Magistrate Judge Noel. Counsel shall contact Cathy Orlando to schedule a hearing before Magistrate Judge Noel.

2. Wells Fargo Bank shall establish the citizenship of WMR e-PIN, LLC, and e-Banc, LLC, by 5:00 p.m. on Wednesday, December 3, 2008.

Dated: November 26, 2008

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[2] Synoran's corporate status is apparently in dispute. In its Petition, Wells Fargo Bank asserts that Synoran is a corporation. [Docket No. 1] In its motion to vacate or modify, Synoran identifies itself as "Synoran, Inc." [Docket No. 5] In a subsequent letter to the Court, Synoran identifies itself as "Synoran, LLC." [Docket No. 15] Upon receipt of Wells Fargo Bank's submission regarding jurisdiction, the Court will decide what proceedings to conduct to resolve the dispute regarding Synoran's corporate status and its effect on Synoran's citizenship. *See Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969-70 (8th Cir. 1990).