UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re Arbitration Between

Wells Fargo Bank, N.A.,

      Claimant,

  and                                                     Civil No. 08-5472 (JNE/FLN)
                                                               ORDER

WMR e-PIN, LLC, e-Banc, LLC, and
Synoran, Inc.,

      Respondents.

     On November 26, 2008, the Court noted deficiencies in the jurisdictional allegations of Wells Fargo Bank, N.A., and ordered Wells Fargo Bank to correct them by December 3, 2008. Wells Fargo Bank's response indicates that Wells Fargo Bank is a citizen of South Dakota; that WMR e-PIN, LLC, is a citizen of Ohio; that e-Banc, LLC, changed its name to Synoran, LLC; that Synoran is incorrectly identified in the caption as a corporation; and that Synoran is a citizen of California, Delaware, Maryland, Nevada, Ohio, and Wisconsin. Although it appears that there is complete diversity of citizenship, the Court directs Wells Fargo Bank to further clarify the citizenship of Synoran.

     Wells Fargo Bank asserts that there are four members of Synoran. In an organizational chart prepared by Synoran's counsel, Corillian Corporation is identified as one of the four members. The citizenship of Corillian is not alleged by Wells Fargo Bank. Instead, Wells Fargo Bank alleges the citizenship of Fiserv, Inc. Wells Fargo Bank cites deposition testimony to support the assertion that Fiserv is the successor to Corillian. That testimony, given on November 8, 2007, gives the following description of the ownership interests in an unidentified entity: "53% WMR, about 22% to HP, Hewlett-Packard, about 12% to SAIC, about 10 or 11%

to Fiserve, a successor to Corillian, and a small percentage to the employees round it out." With the exception of Fiserv, the organizations named in this testimony as owners correspond generally to the members of Synoran identified in the organizational chart. If the testimony describes the ownership of Synoran, then Fiserv, not Corillian, has an ownership interest in Synoran, and employees of Synoran also own part of Synoran. If employees are members of Synoran, then their citizenship must be alleged to determine whether complete diversity of citizenship exists. *See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

In short, the Court affords Wells Fargo Bank an additional opportunity to clarify its jurisdictional allegations. Wells Fargo Bank shall clarify (1) whether Corillian or Fiserv is a member of Synoran and (2) whether employees of Synoran are members of Synoran. Wells Fargo Bank shall establish the citizenship of Corillian and employees of Synoran if necessary. Wells Fargo Bank shall comply with this Order by 5:00 p.m. on Monday, December 8, 2008.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Wells Fargo Bank shall clarify the citizenship of Synoran, LLC, by 5:00 p.m. on Monday, December 8, 2008.

Dated: December 4, 2008

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

2