UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re Arbitration Between

Wells Fargo Bank, N.A.,

       Claimant,

  and                                               Civil No. 08-5472 (JNE/FLN)
                                                        ORDER

WMR e-PIN, LLC, e-Banc, LLC, and
Synoran, Inc.,

       Respondents.

     On November 26, 2008, the Court noted deficiencies in the jurisdictional allegations of Wells Fargo Bank, N.A., and ordered Wells Fargo Bank to correct them. After reviewing Wells Fargo Bank's response, the Court afforded it an additional opportunity to clarify the citizenship of one of the respondents. The information submitted by Wells Fargo Bank reveals that: (1) Wells Fargo Bank is a citizen of South Dakota; (2) WMR e-PIN, LLC, is a citizen of Ohio and possibly Maryland; (3) e-Banc, LLC, changed its name to Synoran, LLC; (4) Synoran is incorrectly identified in the caption as a corporation; and (5) Synoran is a citizen of California, Delaware, Maryland, Nevada, Ohio, and Oregon. Consequently, Wells Fargo Bank asserts that there is complete diversity of citizenship.

     Disputing that assertion, Respondents contend that Wells Fargo Bank is a citizen of South Dakota and California. In *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located. 546 U.S. at 307; *see* 28 U.S.C. § 1348 (2006). Wells Fargo Bank's articles of association designate Sioux Falls, South Dakota, as the location of Wells Fargo Bank's main office. Thus, Wells Fargo Bank is a citizen of South Dakota.

To support their assertion that Wells Fargo Bank is also a citizen of California, Respondents cite *Mount v. Wells Fargo Bank, N.A.*, Civ. No. 08-6298, 2008 WL 5046286 (C.D. Cal. Nov. 24, 2008). In *Mount*, Wells Fargo Bank removed an action to federal court under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d) (2006). Asserting that Wells Fargo Bank was a citizen of South Dakota due to the location of its main office under its articles of association and of California due to the location of its principal place of business, Plaintiffs, representing a putative class of California residents, moved to remand on the ground that CAFA's minimal diversity requirement was not satisfied. Concluding that Wells Fargo Bank was a citizen of California due to the location of its principal place of business, the Central District of California granted the motion to remand.

Respondents assert that the Court should grant preclusive effect to the Central District of California's determination that Wells Fargo Bank is a citizen of California. The Court declines to give preclusive effect to the Central District of California's remand order. *See Kircher v. Putnam Funds Trust*, 547 U.S. 633, 647 (2006).

To support its conclusion that Wells Fargo Bank is a citizen of California, the Central District of California relied on cases decided by the Fifth Circuit and the Seventh Circuit before the Supreme Court's decision in *Wachovia Bank*. In *Horton v. Bank One, N.A.*, 387 F.3d 426 (5th Cir. 2004), the Fifth Circuit interpreted 28 U.S.C. § 1348 to provide that a national bank is a citizen of the state where its principal place of business is located and of the state specified in its articles of association. 387 F.3d at 431. In *Firstar Bank, N.A. v. Faul*, 253 F.3d 982 (7th Cir. 2001), the Seventh Circuit held for purposes of 28 U.S.C. § 1348 that a national bank is a citizen of the state of its principal place of business and of the state listed in its organization certificate. 253 F.3d at 994. In light of the Supreme Court's express distinction of a corporation, which is a

citizen of the states of its incorporation and of its principal place of business per 28 U.S.C. § 1332(c)(1), from a national bank, whose jurisdictional counterpart, 28 U.S.C. § 1348, makes no reference to a principal place of business, the Court does not find *Horton* or *Firstar* persuasive. *See Wachovia Bank*, 546 U.S. at 317 n.9; *cf. Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("But *Wachovia Bank* held that national banks are citizens only of the states in which their main offices are located . . . ."); *Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A.*, 470 F. Supp. 2d 312 (S.D.N.Y. 2006).  Accordingly, the Court concludes that Wells Fargo Bank does not take the citizenship of the state of its principal place of business.  Because Wells Fargo Bank is not a citizen of California, the Court rejects Respondents' assertion that complete diversity of citizenship does not exist.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Respondents' letter request to dismiss for lack of subject matter jurisdiction [Docket No. 35] is DENIED.

Dated:  December 29, 2008

> s/ Joan N. Ericksen
> JOAN N. ERICKSEN
> United States District Judge