UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re Arbitration Between

Wells Fargo Bank, N.A.,

    Claimant,

  and                                                Civil No. 08-5472 (JNE/FLN)
                                                        ORDER

WMR e-PIN, LLC, e-Banc, LLC, and
Synoran, Inc.,

    Respondents.

Wells Fargo Bank, N.A., brought this action to correct an arbitration award and to confirm the award as corrected. WMR e-PIN, LLC, e-Banc, LLC, and Synoran, LLC,[1] (collectively, Respondents) moved to vacate or modify the award. In a Report and Recommendation dated June 22, 2009, the Honorable Franklin L. Noel, United States Magistrate Judge, recommended that Respondents' motions to vacate or modify the arbitration award be denied and that Wells Fargo Bank's motion to correct the award and to confirm the award as corrected be granted. The case is before the Court on Synoran's and WMR e-PIN's objections to the Report and Recommendation.[2] Wells Fargo Bank responded to the objections.

Synoran objects to the magistrate judge's finding that Respondents waived their right to object to the award of injunctive relief; conclusion that the arbitration panel did not exceed its authority by awarding attorney fees; refusal to consider the public disclosure of trade secrets; and conclusion that "manifest disregard" is no longer a viable basis for vacatur. WMR e-PIN objects to the magistrate judge's adoption of the arbitration panel's finding that Wells Fargo Bank is the

---

[1]     The caption incorrectly identifies Synoran as a corporation.

[2]     Synoran and WMR e-PIN also move to supplement the record. Wells Fargo Bank does not oppose the supplementation of the record. Accordingly, the Court grants the motion.

1

inventor of certain technology; finding that Respondents waived their right to object to the award of injunctive relief; conclusion that "manifest disregard" is no longer a viable basis for vacatur; adoption of the award of attorney fees; refusal to consider the public disclosure of certain trade secrets; and adoption of the award as amended in October 2008. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b). Based on that review, the Court adopts the Report and Recommendation.

As the Report and Recommendation explains, Respondents waived their right to object to the arbitration panel's award of injunctive relief by requesting injunctive relief from the panel. Respondents also waived their right to claim that the panel lacked the authority to award attorney fees by requesting an award of fees. The panel nevertheless did not exceed its authority by awarding fees to Wells Fargo Bank as the prevailing party. Consideration of the argument that the fee award was improper because of the public disclosure of trade secrets was appropriately denied. *See Stark v. Sandberg, Phoenix & Von Gontard, P.C.*, 381 F.3d 793, 798 (8th Cir. 2004). The magistrate judge correctly concluded that "manifest disregard," an extra-statutory ground to vacate an arbitral award, was no longer a viable basis for vacatur. *See Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 128 S. Ct. 1396, 1403-04 (2008); *Crawford Group, Inc. v. Holekamp*, 543 F.3d 971, 976 (8th Cir. 2008) ("An arbitral award may be vacated only for the reasons enumerated in the [Federal Arbitration Act]."). The panel made the finding on inventorship to decide the claims of misappropriation; the parties' dispute regarding ownership of the trade secrets turned on competing claims of inventorship. Finally, the panel corrected the award in October 2008 after affording Respondents an opportunity to respond to Wells Fargo Bank's request for a correction, and the panel did not redetermine the merits of claims.

Accordingly, the Court overrules Synoran's and WMR e-PIN's objections [Docket Nos. 61 & 62] and adopts the Report and Recommendation [Docket No. 60].

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Synoran and WMR e-PIN's motion to supplement the record [Docket No. 64] is GRANTED.

2. Respondents' Motions to Vacate or Modify Arbitration Award [Docket Nos. 5, 7, & 15] are DENIED.

3. Wells Fargo Bank's Motion for Order to Correct Arbitration Award, Confirm Award as Corrected, and Entry of Judgment Thereon [Docket No. 37] is GRANTED as follows:

    a. The Award is corrected to change all mention of "Synoran, Inc." to "Synoran, LLC";

    b. The Award is confirmed as corrected; and

    c. Judgment is entered in favor of Wells Fargo Bank, N.A., and against Synoran, LLC, and WMR e-PIN, LLC, in the amount of $1,265,000 in attorney fees and $600,000 in costs and for all other relief awarded by the Panel.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 10, 2009

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge